## Commonwealth v. Randolph, Appellant.

*Criminal law—Rape—Admissions of defendant—Evidence.*

While a defendant cannot be compelled to give evidence against himself, if he gives it voluntarily he cannot object to having it used against him.

A defendant charged with rape who, on the trial of the indictment, testified as to the investigation made by doctors, when he submitted to an examination of his person and clothing, cannot afterwards object to the admission of such testimony in evidence.

Argued March 10, 1920. Appeal, No. 19, Oct. T., 1920, by defendant, from judgment of O. & T. Bradford County, Sept. T., 1919, No. 4, on verdict of guilty in the case of Commonwealth v. Thomas Randolph. Before

76, (1920).] Statement of Facts—Opinion of the Court.
ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Indictment for rape.    Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.    Defendant appealed.

*Errors assigned* were various rulings on evidence.

*Charles E. Mills,* and with him *W. T. Carey,* for appellant.

*William G. Schrier,* for appellee.

OPINION BY LINN, J., April 24, 1920:

Appellant was convicted of rape.    He files two assignments of error.    We have carefully considered them in connection with the testimony, the charge of the learned trial judge, and the arguments presented, and find them without merit.

1. The evidence of the Commonwealth showed that a brutal assault had been made upon a girl in Keystone Park in the Borough of Sayre, between 9 and 10 o'clock, in the evening of August 12, 1919.    During that night, appellant, alleged to be the assailant, was arrested in the railroad yards of the Lehigh Valley Railroad Company, near Sayre, where he had reported for work. When arrested, he denied having been in or near Keystone Park during the evening, stated that he had been in the Lockhart street restaurant and gave the names of various persons who would corroborate his assertions, and asked that they be subpœnæd to attend the hearing.

Doubtless in view of this denial, taken with what was reported to the authorities concerning the assault, appellant was taken to the Robert Packer Hospital at Sayre by two police officers early on the morning of

August 13th and an examination was made of his person and clothes. The physician who made this examination was called and testified to the result of it, "as fixing the identity of the defendant and the commission of the crime by him," as the district attorney stated in response to an objection to the evidence. The evidence was objected to as "irrelevant, immaterial and incompetent and as not being a voluntary act on the part of the defendant." Its competency and relevancy cannot be denied; no testimony is quoted in the assignment of error (and none appears in the record), that appellant objected to anything said or done during the examination; he testified in his own defense and described what transpired during the examination, but did not even suggest that anything was done against his will. The record shows no violation of appellant's "constitutional rights" as his counsel contends; "he cannot be compelled to give evidence against himself, but if he gives it voluntarily, he cannot object to having it used against him": Com. v. House, 6 Pa. Superior Ct. 94, 104; see also Holt v. United States, 218 U. S. 245, 252.

2. The Commonwealth called two physicians, one who examined the girl on the evening of August 12th and the other who, with the former, examined her on the morning of August 13th; the second assignment complains that the learned trial judge "unduly called the attention of the jury to the evidence of the" former as compared with his reference to the testimony of the second physician. The record does not show that the attention of the court was called to the matter at the conclusion of the charge, but we have considered the complaint and find it without foundation.

The judgment is affirmed and the record remitted to the court below to the end that the sentence may be carried into effect.