## Commonwealth v. Gressley.

*Criminal law—Evidence—Defendant voluntarily submitting to examination as to sobriety.*

1. A defendant in a criminal proceeding cannot be compelled to give evidence against himself, but if he gives it voluntarily, he cannot object to having it used against him.

2. A defendant charged with a violation of the motor-vehicle laws who voluntarily submits to examination by a physician, about thirty minutes after the alleged offence, in order to have his physical and mental condition as to sobriety ascertained, cannot claim he was illegally compelled to testify against himself, and it is not error to receive the testimony of the physician.

Conviction for violating motor-vehicle laws. Motion for new trial. Q. S. Lehigh Co., Sept. Sess., 1926, Nos. 127 and 128.

*Orrin E. Boyle,* District Attorney, for Commonwealth.

*Horace W. Schantz,* for defendant.

IOBST, J., Feb. 21, 1927.—These cases arose out of the same transaction, were tried together and will be disposed of in one opinion. Indictment No. 127 charges the defendant with the refusal to stop his automobile and render assistance after injuring a person on the public highway; No. 128 charges the operation of a motor-vehicle on a public highway while under the influence of intoxicating liquor.

The jury found the defendant guilty on both indictments. After conviction, the defendant presented a motion for a new trial, alleging a number of reasons.

At the argument, counsel for the defendant pressed only reasons six, seven, eight, nine and ten, relating to the testimony of Dr. Thomas H. Weaber, who examined the defendant at the police station about thirty minutes after the alleged crime was committed, for the purpose of ascertaining the physical and mental condition of defendant as to sobriety. The doctor testified that the defendant was under the influence of intoxicating liquor at the time of the examination. No notes of testimony were taken at the trial. The court, however, recalls the following facts: On the evening of Aug. 28, 1926, the defendant, with two companions, was operating an automobile on the Mickley's Pike in the direction of Allentown. A short distance beyond the city line, he struck and damaged a motor-vehicle operated by one John Geigle, which was proceeding in an opposite direction, injuring Mr. Geigle. After the collision, the defendant continued on his way without stopping and rendering assistance. The defendant was identified by one of the Commonwealth's witnesses, who followed him in another motor-car and caught up with him at Seventh and Greenleaf Streets, which point is at least five or six blocks away from the place of collision. Here, the defendant had come to a stop because of the injury to his own car, which consisted of a flat tire and badly damaged fender. His companions had then left the automobile. Within a short time thereafter, two city police officers came to the automobile and took the defendant to the police station, where he was examined by the doctor.

The two police officers, as well as several other Commonwealth witnesses who saw the defendant within the period of one-half to three-quarters of an hour after the collision, testified that the defendant was under the influence of intoxicating liquor. The examination of the defendant by the doctor at the police station was not against the consent of the defendant, but, on the contrary, he voluntarily submitted thereto. In his own defence, the defendant

Commonwealth v. Gressley.

related what transpired during the examination, and not once did he suggest that anything was done against his will.

This doctrine of the law has been flatly ruled upon by the higher courts of this State. In the case of Com. v. Randolph, 74 Pa. Superior Ct. 76, the defendant was arrested on a charge of rape. He was then taken by two police officers to a hospital, where an examination of his person and clothes was made. The physician who made this examination was called and his testimony received. The evidence was objected to as not being a voluntary act on the part of the defendant. The Superior Court held that the evidence was relevant and competent, for the reason that defendant had not objected to anything said or done during the examination. The court there said: "He cannot be compelled to give evidence against himself, but if he gives it voluntarily, he cannot object to having it used against him."

"The prohibition of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material:" Holt v. United States, 218 U. S. 245 (1910); Com. v. Valeroso, 273 Pa. 213, 220.

For these reasons, the motion for a new trial is denied.

Now, Feb. 21, 1927, defendant's motion for a new trial is refused. The district attorney is directed to call the defendant for sentence.

From Edwin L. Kohler, Allentown, Pa.